Brett C. Jensen / bjensen@brownfirm.com
John D. Byorth / jbyorth@brownfirm.com
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
*Attorneys for Plaintiff*
*Farmers Alliance Mutual Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, HELENA DIVISION**

| | |
|---|---|
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> THE ESTATE OF TY WILLIAM STEINBACH, and THE ESTATE OF SCOTT M. STEINBACH, <br><br> Defendants. | Cause No.: CV-26-6-H-JTJ <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff Farmers Alliance Mutual Insurance Company (hereinafter "FAMIC"), by and through its attorneys of record, and alleges as follows:

1. Plaintiff FAMIC is and was at all relevant times a corporation existing under the laws of the State of Kansas with its principal place of business in McPherson, Kansas, making it a citizen of Kansas. FAMIC is authorized to transact business in Montana and regularly transacts business in Montana.

2. Upon information and belief, Defendant the Estate of Ty William Steinbach is an estate currently being probated in the Montana First Judicial District Court, Lewis and Clark County under Cause No. DP-25-2025-91-FT. Prior to his death, Ty William Steinbach was domiciled in Lewis & Clark County, Montana. The Estate of Ty William Steinbach is therefore a citizen of Lewis & Clark County, state of Montana. The Estate of Ty William Steinbach is a necessary party to this action pursuant to Mont. Code Ann. § 27-8-301, because its interests would be affected by any declaration made by this Court.

3. Upon information and belief, Defendant the Estate of Scott M. Steinbach is an estate currently being probated in the Montana Eighth Judicial District Court, Cascade County under Cause No. DP-7-2025-103-IT. Prior to his death, Scott M. Steinbach was domiciled in Cascade County, Montana. The Estate of Scott M. Steinbach is therefore a citizen of Cascade County, state of Montana. The Estate of Scott M. Steinbach is a necessary party to this action pursuant to Mont. Code Ann. § 27-8-301, because its interests would be affected by any declaration made by this Court.

4. Upon information and belief, the matter in controversy, exclusive of interests and costs, exceeds $75,000, and complete diversity exists between Plaintiff, who is a citizen of Kansas, and Defendants, who are citizens of Montana.

As such, the Court has subject matter jurisdiction of this case by virtue of the provisions of 28 U.S.C. § 1332.

5. Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b)(1)-(2) because Defendant the Estate of Ty William Steinbach is being probated in Lewis & Clark County, Montana, both defendants are residents of the state of Montana, and the underlying controversy between the Estate of Ty William Steinbach and the Estate of Scott M. Steinbach arises out of conduct occurring in Wolf Creek, Lewis & Clark County, Montana, and FAMIC issued Steinbach Cattle Company an insurance policy in Lewis & Clark County, Montana.

6. FAMIC sold to Steinbach Cattle Company Policy No. FO109443FPP01 (hereinafter "Policy"). The Policy has a policy term of January 22, 2025, through January 22, 2026, and includes Commercial Liability Coverage (Farm Premises and Operations) under coverage L – Bodily Injury Liability – Property Damage Liability (hereinafter "CL Coverage") with a $1,000,000 each occurrence limit and a $2,000,000 general aggregate. A certified copy of the Policy is attached as Exhibit A.

7. FAMIC also sold to Steinbach Cattle Company Policy No. PEF562915PEC01 (hereinafter "Umbrella Policy"). The Umbrella Policy has a policy term of January 22, 2025, through January 22, 2026, and includes Commercial Umbrella Liability Coverage (hereinafter "CUL Coverage") with

$1,000,000 limit for each occurrence or offense. A certified copy of the Umbrella Policy is attached as Exhibit B.

8. On August 25, 2025, the Estate of Ty William Steinbach named as a defendant the Estate of Scott M. Steinbach in a Complaint for Wrongful Death and Jury Demand (hereinafter "Complaint") in the Montana Eighth Judicial District Court, Cascade County. The Complaint is entitled *The Estate of Ty William Steinbach v. The Estate of Scott M. Steinbach*, Cause No. DV 7-2025-365-WF. A copy of the Complaint is attached as Exhibit C.

9. The Complaint includes the following counts: (1) Negligence; and (2) Wrongful Death. The Complaint seeks an award of compensatory and punitive damages against the Estate of Scott M. Steinbach.

10. The Estate of Scott M. Steinbach has tendered the Complaint to FAMIC and claims it is entitled to a defense for said action and indemnity for any judgment awarded against it.

11. FAMIC is providing a defense to the Estate of Scott M. Steinbach under a reservation of rights, but denies it is obligated to defend or indemnify the Estate of Scott M. Steinbach for the claims asserted in the Complaint.

## DECLARATORY RELIEF

12. FAMIC restates the allegations set forth in the preceding paragraphs as if fully set forth herein.

13. Currently there is a dispute as to whether or not the CL Coverage of the Policy and the CUL Coverage of the Umbrella Policy provides coverage to the Estate of Scott M. Steinbach for the allegations contained in the Complaint. This dispute entitles FAMIC to declaratory relief pursuant to 28 U.S.C. § 2201 and Mont. Code Ann. § 27-8-101 et seq.

14. The Policy contains the following relevant provisions, limitations, exclusions, and conditions:

The Policy provides CL Coverage under Form GL 610 FA 07 19, which contains the following coverage grant:

**COMMERCIAL LIABILITY COVERAGE
(FARM PREMISES AND OPERATIONS)
PRINCIPAL COVERAGES**

"We" provide insurance for the following coverages
indicated by a specific "limit" or premium charge on
the "declarations".

**COVERAGE L - BODILY INJURY LIABILITY
PROPERTY DAMAGE LIABILITY**

"We" pay those sums which an "insured" becomes legally
obligated to pay as "damages" due to "bodily injury"
or "property damage" to which this insurance applies.
The "bodily injury" or "property damage" must
be caused by an "occurrence" and arise out of the
ownership, maintenance, or use of the "insured premises"
or operations that are necessary or incidental to
the "insured premises".
This insurance applies only to "bodily injury" or "property
damage" which occurs during the policy period.
. . .

**DEFENSE COVERAGE**

Payments under this coverage are in addition to the "limits" for the Commercial Liability Coverage.

**1.** "We" have the right and duty to defend a suit seeking "damages" for "bodily injury" or "property damage" which may be covered under the Commercial Liability Coverage. "We" may make investigations and settle claims or suits "we" decide are appropriate.

Suit includes any alternative dispute resolution proceeding involving "bodily injury" or "property damage" to which:

>    **a.** "you" must submit; or
>    **b.** "you" submit with "our" consent.

The CL Coverage contains the following relevant exclusion:

**EXCLUSIONS**

"We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event. If coverage is added through Supplemental Coverages, all policy "terms" still apply.

**EXCLUSIONS THAT APPLY TO BODILY INJURY AND/OR PROPERTY DAMAGE**

1. "We" do not pay for "bodily injury" or "property damage":

>    a. which is expected by, directed by, or intended by the "insured"; or
>
>    b. that is the result of intentional and malicious

acts of the "insured".

This exclusion does not apply to "bodily injury" that arises out of the use of reasonable force to protect people or property at an "insured location".

The CL Coverage contains the following relevant definitions:

**DEFINITIONS**

**3.** "Bodily Injury" means bodily harm to a person and includes sickness, disease, or death. This also includes required care and loss of services.

"Bodily injury" does not mean bodily harm, sickness, disease, or death that arises out of:

. . .

    **c.** mental or emotional injury, suffering, or distress that does not result from physical injury; or

. . .

**11.** "Insured"--

. . .

If shown on the "declarations" as a Partnership or a Joint Venture, "insured" means "you" and all "your" partners or members and their spouses, but only with respect to the conduct of "your" "farming" operations.

. . .

**12.** "Insured Premises" means the location shown on the "declarations" and operated or used for "farming" purposes. This includes buildings used as residences, grounds, all adjoining access ways, and other land you use for farming purposes and new farm premises acquired by you during the policy period.

. . .

**17.** "Occurrence" means an accident and includes repeated exposure to similar conditions.

The Policy contains the following relevant General Exclusion:

### ADDITIONAL POLICY CONDITIONS AND PROPERTY COVERAGE TERMS

**ADDITIONAL POLICY CONDITIONS APPLICABLE TO ALL COVERAGES**

**GENERAL EXCLUSIONS**

"We" do not pay for loss if one or more of the following exclusions apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.

4. **Intentional Acts** -- "We" do not pay for loss which results from an act committed by or at the direction of an "insured" and with the intent to cause a loss.

*See* Form FO 20 FA 0116, p. 3.

The Policy contains the following relevant Punitive Damage Exclusion endorsement:

### PUNITIVE DAMAGE EXCLUSION

This policy does not apply to a claim or indemnification for punitive or exemplary damages. If a suit seeking both compensatory and punitive or exemplary damages is brought against the "insured" for an "occurrence" covered by this policy, "we" will provide defense coverage.

"We" will not pay for any costs, interest, or damages attributable to punitive or exemplary damages.

All other "terms" of this policy apply.

*See* Form GL 10 04 98 (2.0).

The Policy contains the following relevant Cross Liability Exclusion endorsement:

## CROSS LIABILITY EXCLUSION

The Commercial Liability Coverage - Farm Premises and Operations, and if attached, Personal and Advertising Injury Liability Coverage are amended as follows:

**EXCLUSIONS**

**EXCLUSIONS THAT APPLY TO BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, AND/OR ADVERTISING INJURY**

The following exclusion is added:

"We" do not pay for "bodily injury" (or "personal injury", if provided by the Commercial Liability Coverage - Farm Premises and Operations) to an "insured".

*See* Form GL 899 FA 04 98 (2.0).

The Policy also includes a Personal Liability Coverage (hereinafter "PL Coverage") endorsement under Form GL 9 FA 03 23, which amends/extends the CL Coverage of the Policy as follows:

## PERSONAL LIABILITY COVERAGE

The Coverage provided by the endorsement applies to the following "insured(s)".

Name of Insured(s):
   . . .
   Scott Steinbach

> . . .
>
> Ty Steinbach
>
> . . .

**DEFINITIONS**

1. With respect to the Personal Liability Coverage provided by this endorsement, the definitions of "you" and "your", "insured", and "insured premises" are replaced by the following:

The words "you" and "your" mean the person or persons named as the insured on this endorsement. This includes "your" spouse if a resident of "your" household.
"Insured" means:

a. "you";
. . .

d. "your" legal representative, if "you" die while insured by this Personal Liability Coverage. This person is an "insured" only for liability arising out of the "insured premises". An "insured" at the time of "your" death remains an "insured" while residing on the "insured premises";
. . .
Each of these is a separate "insured", but this does not increase "our" "limit".

"Insured Premises" means:
a. the one- to four-family dwelling shown on the "declarations". This includes structures or parts of buildings where "you" reside;
. . .

**PRINCIPAL COVERAGES**

1. Coverage L -- Bodily Injury Liability and

> Property Damage Liability is extended to apply to liability arising out of the "insured's" personal or non-business activities.
>
> . . .
>
> **EXCLUSIONS**
>
> With respect to the coverage provided by this endorsement, all exclusions that apply to Coverage L and Coverage M are replaced by the following:
>
> "We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event. If coverage is added through INCIDENTAL COVERAGES, all policy "terms" still apply.
>
> 1. **Exclusions That Apply to Coverages L and M** -- This Personal Liability Coverage does not apply to:
>
> j. "bodily injury" or "property damage" which is expected by, directed by, or intended by the "insured"; or that is the result of intentional and malicious acts of the "insured". However, this exclusion does not apply to "bodily injury" that arises out of the use of reasonable force to protect people or property on or off an "insured premises";
> . . .
>
> 2. **Additional Exclusions That Apply to Coverage L** -- Coverage L does not apply to:
>
>> a. "bodily injury" to "you", and if residents of "your" household, "your" relatives and persons under the age of 21 in "your" care or in the care of "your" resident relatives;

15. The Umbrella Policy contains the following relevant provisions, limitations, exclusions, and conditions:

The Umbrella Policy provides CUL Coverage under Form UM 0610 FA0819, which contains the following coverage grant:

**PRINCIPAL COVERAGE**

"We" pay, up to "our" "limit", all sums for which an "insured" is liable by law because of "advertising injury", "bodily injury", "personal injury", or "property damage" to which this Commercial Umbrella Liability Coverage applies.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Defense Coverage.

Subject to the Exclusions, this insurance applies only to:

**1.** "bodily injury" and "property damage" that occurs during the policy period and is caused by an "occurrence" that arises out of:

> **a.** the ownership, maintenance, or use of the "insured premises" or operations that are necessary or incidental to the "insured premises"; or
> **b.** the ownership, operation, maintenance, use, occupancy, renting, loaning, entrusting, supervision, loading, or unloading of a "motor vehicle", but only to the extent that the "bodily injury" or "property damage" is covered by "underlying insurance" at the time of the "occurrence" and is not otherwise excluded by this policy;
> . . .

The CUL Coverage contains the following relevant exclusions:

**EXCLUSIONS**

"We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event.

**EXCLUSIONS THAT APPLY TO BODILY INJURY AND/OR PROPERTY DAMAGE**

. . .

**1.** "We" do not pay for "bodily injury" or "property damage" which is expected by, directed by, or intended by the "insured" or that is the result of intentional and malicious acts of the "insured". This exclusion does not apply to "bodily injury" that arises out of the use of reasonable force to protect people or property at an insured location.

The CUL Coverage contains the following relevant definitions:

**DEFINITIONS**

**4.** "Bodily injury" means bodily harm to a person and includes sickness, disease, or death. This also includes required care and loss of services.
"Bodily injury" does not mean bodily harm, sickness, disease, or death that arises out of:

. . .

    c. mental or emotional injury, suffering, or distress that does not result from physical injury;

. . .

**14.** "Occurrence" means an accident, including repeated exposures to similar conditions.

. . .

**22.** "Underlying insurance" means the liability insurance

coverage provided under policies shown in the Schedule of Underlying Insurance on the "declarations" for the "limits" and policy periods indicated. This includes any policies issued to replace those policies during the term of this insurance that provide:

> **a.** at least the same "limits"; and
>
> **b.** the same hazards insured against, except as modified by general program revisions or as agreed to by "us" in writing.

The Umbrella Policy also includes Personal Umbrella Liability Coverage (hereinafter "PUL Coverage") under Form UM 00 09 FA 10 05, which amends/extends coverage as follows:

### PERSONAL UMBRELLA LIABILITY COVERAGE

The Commercial Umbrella Liability Coverage is amended as follows:

### PRINCIPAL COVERAGE

The Commercial Umbrella Liability Coverage is extended to apply to liability arising out of the "insured's" personal or non-business activities.

Subject to the Exclusions, the insurance provided by this endorsement applies only to:

**1.** "bodily injury" or "property damage" that occurs during the policy period and is caused by an "occurrence";

The PUL Coverage contains the following relevant exclusions:

With respect to the coverage provided by this endorsement, the exclusions that apply to Commercial Umbrella Liability Coverage are deleted and replaced by the following:

"We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event.

. . .

**h.** "bodily injury" or "property damage" which is expected by, directed by, or intended by the "insured" or that is the result of intentional and malicious acts of the "insured". However, this exclusion does not apply to "bodily injury" that arises out of the use of reasonable force to protect people or property at an insured premises.

**i.** "bodily injury" to "you" and, if residents of "your" household, to "your" relatives and to persons under the age of 21 in "your" care or in the care of "your" resident relatives.

The PUL Coverage contains the following additional relevant definitions:

**DEFINITIONS**

**1.** With respect to the Personal Umbrella Liability Coverage provided by this endorsement, the definitions of "you" and "your" are deleted and replaced by the following:

"You" and "your" mean the person or persons named as the insured under the terms of the personal liability coverage provided by "underlying insurance".

**2.** With respect to the Personal Umbrella Liability Coverage provided by this endorsement, the definition of "insured" is deleted and replaced by the following:

Except as stated within this definition, "insured" means all persons covered under the terms of the personal liability coverage provided by "underlying insurance". Each such person is a separate "insured", but this does not increase "our" "limit".

The Umbrella Policy contains the following relevant Cross Liability Exclusion endorsement:

## CROSS LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY COVEAGE (FARM)

This endorsement modifies the following Section:

## EXCLUSIONS

**EXCLUSIONS THAT APPLY ONLY TO BODILY INJURY AND / OR PROPERTY DAMAGE AND ADDITIONAL EXCLUSIONS THAT APPLY ONLY TO ADVERTISING LIABILITY AND/OR PERSONAL INJURY**

The following exclusion is added:

We do not pay for "bodily injury" or "personal injury" to an "insured".

*See* Form UN 1003 05 13.

The Umbrella Policy contains the following relevant Punitive Damage Exclusion endorsement:

## PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION ENDORSEMENT

Regardless of any other provision, this policy does not cover punitive or exemplary damages or the cost of defense related to such damages.

*See* Form UN 698 01 91.

16. Coverage is precluded under the CL Coverage of the Policy for the claims asserted in the Complaint for numerous reasons, including the following:

1. The CL Coverage requirement of an "occurrence";

2. The CL Coverage Exclusion 1;

3. The CL Coverage requirement that any "bodily injury" claim seeking mental or emotional injury, suffering, or distress result from physical injury;

4. General Exclusion 4;

5. The Cross Liability Exclusion Endorsement;

6. PL Coverage Exclusion 1(j);

7. PL Coverage Exclusion 2(a).

17. Coverage is precluded under the CUL Coverage of the Umbrella Policy for the claims asserted in the Complaint for numerous reasons, including the following:

1. The CUL Coverage requirement of an "occurrence";

2. The CUL Coverage Exclusion 1;

3. The CUL Coverage requirement that any "bodily injury" claim seeking mental or emotional injury, suffering, or distress result from physical injury;

4. The PUL Coverage exclusion H;

5. The PUL Coverage exclusion I;

6. The Cross Liability Exclusion Endorsement.

17. Any claim for punitive damages is not covered under the Personal Liability Coverage of the Policy because of the following:

   1. The Punitive Damages Exclusion Endorsement under the Policy;

   2. The Punitive Damages Exclusion Endorsement under the Umbrella Policy;

   3. Mont. Code Ann. § 33-15-317(1).

WHEREFORE, Plaintiff FAMIC seeks declaratory relief in the following manner:

1. That the provisions, limitations, exclusions, and conditions of the Policy and the Umbrella Policy preclude coverage for the counts asserted against the Estate of Scott M. Steinbach in the Complaint;

2. For such other declaratory relief as the Court deems just and equitable under the circumstances;

3. For defense costs pursuant to Mont. Code Ann. § 27-8-311, or other applicable Montana law; and

4. For all such other and further relief as the Court deems appropriate under the circumstances.

DATED this 27th day of January, 2026.

By: /s/ Brett C. Jensen
Brett C. Jensen / John D. Byorth
BROWN LAW FIRM, P.C.
*Attorneys for Plaintiff Farmers Alliance Mutual Insurance Company*